UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X
JOANNE MONACO, on behalf of herself and all others similarly situated,

        Plaintiff,

   - against -

INFUSION HEALTHCARE, LLC d/b/a AMERICARE PHARMACEUTICAL SERVICES,

        Defendant.
------------------------------------------------------------------------- X

Case No. 23 Civ. 7337

COLLECTIVE ACTION COMPLAINT

   Plaintiff Joanne Monaco ("Plaintiff" or "Monaco"), on behalf of herself and all other similarly situated, by her attorneys, Kessler Matura P.C., complaining of Defendant Infusion Healthcare, LLC d/b/a Americare Pharmaceutical Services ("Defendant" or "Americare") allege as follows:

## **INTRODUCTION**

   1. Americare offers specialty pharmacy and home infusion nursing care for both adult and pediatric patients located in New York State.

   2. Defendant employs Infusion Nurses, such as Plaintiff, to provide in-home infusion services to Americare's patients.

   3. Infusion Nurses regularly work over 40 hours week, working with patients in the field, delivering specimens, and completing paperwork from home.

   4. Defendant, however, does not pay their Infusion Nurses at one and one-half times their regular rate for all hours worked over 40 each week. As a result, Defendant's actions violate the overtime provisions of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. § 201, *et seq.*

5. To remedy these violations of the FLSA, Plaintiff brings this action on behalf of herself and all similarly situated current and former Infusion Nurses, however titled, employed by Defendant within the last three years preceding the filing of this Complaint who elect to opt-in to this action pursuant to the FLSA (the "FLSA Collective"). At the earliest time possible, Plaintiff seeks permission to give notice of this action pursuant to 29 U.S.C. § 216(b) to the proposed FLSA Collective members.

## JURISDICTION & VENUE

6. Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, *et seq*. and 28 U.S.C. § 1331.

7. This Court has jurisdiction over the FLSA claims of any FLSA Collective members that are not residents of New York State because, *inter alia*, Defendant is incorporated in and headquartered in New York.

8. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

*Plaintiff Joanne Monaco*

9. Monaco is a resident of Nassau County, New York.

10. Monaco worked for Defendant as a non-exempt, hourly-paid Infusion Nurse from approximately October 2022 through April 2023.

11. At all times relevant, Monaco was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

12. Throughout her employment, Monaco regularly worked four days a week, Tuesday through Friday.

13. Monaco generally worked over 10 hours a day. Monaco provided care to about eight patients a day; these interactions, at minimum, took at least six hours in total, depending on the care the patients needed. After visiting with patients, Monaco dropped specimens off at the lab, picked up supplies from the office for the next day, returned home, and spent at least two hours updating patient notes and scheduling appointments for the following day.

14. Defendant, however, only paid Monaco for up to 40 hours a week of hourly work.

15. For example, Defendant paid Monaco for 80 hours of wages for the two workweeks starting on October 30, 2022, and ending on November 12, 2022.

16. Likewise, Defendant paid Monaco for 80 hours of wages for the two workweeks starting on October 16, 2022, and ending on October 29, 2022.

17. As a result, Monaco regularly worked overtime hours that were not paid.

***Defendant Infusion Healthcare, LLC d/b/a Americare Pharmaceutical Services***

18. Defendant is a domestic corporation.

19. Defendant is headquartered at 317 Nassau Blvd., Garden City South, New York 11530.

20. At all times relevant, Defendant was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

21. At all times hereinafter mentioned, the activities of Defendant constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

22. Upon information and belief, Defendant maintained control, oversight, and direction over its operations and employment practices.

23. At all times hereinafter mentioned, Defendant employed employees, including Plaintiff, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

24. Upon information and belief, at all times relevant, Defendant's annual gross volume of business was not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## FLSA COLLECTIVE ACTION ALLEGATIONS

25. Upon information and belief, there are more than 40 members of the putative FLSA Collective.

26. FLSA Plaintiff brings the First Cause of Action under the FLSA on behalf of themselves and all members of the FLSA Collective who opt-in to this action.

27. Infusion Nurses, including Plaintiff, are scheduled to work up to and over 40 hours per week.

28. Defendant pays Infusion Nurses for up to 40 hours a week, even though Infusion Nurses work over 40 hours a week.

29. Infusion Nurses work in the field, visiting Defendant's patients, for six or more hours a day.

30. An Infusion Nurse's job duties include, changing IV's or IV bags, and teaching individuals how to properly use, clean, and insert IV lines.

31. Additional responsibilities of an Infusion Nurse include, drawing blood, taking vital signs, conducting health assessments of the patient, and answering family and patient questions.

32. Infusion Nurses deliver specimens or handle additional assignments, on top of their regularly scheduled patients.

33. In addition to the above-described field work, Infusion Nurses must contact patients and complete paperwork related to their visits after completing their field work, whether after hours or on days off.

34. Defendant was or should have been aware that the FLSA prohibited them from requiring their employees to work overtime hours without pay.

35. Upon information and belief, Defendant applied the same policies and practices to its Infusion Nurses.

36. The FLSA Collective is readily identifiable and locatable through use of the Defendant's records.

37. The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendant.

### FIRST CAUSE OF ACTION
### FLSA – Overtime Wages
### (Brought on behalf of Plaintiff the FLSA Collective)

38. Plaintiffs incorporate by reference all preceding allegations.

39. Defendant engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

40. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). *See* Ex. A (Consent).

41. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

42. Defendant failed to pay Plaintiff and other similarly situated current and former employees all of the overtime wages to which they were entitled under the FLSA.

43. Defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional. Defendant has failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees.

44. Defendant was aware or should have been aware that Plaintiff and the FLSA Collective were working overtime hours for which they were entitled to premium pay.

45. Defendant knew or should have known that it was required to pay its Infusion Nurses for all hours worked.

46. Defendant knew or should have known that it was required to pay overtime pay to its Infusion Nurses when those individuals worked over 40 hours a week.

47. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

48. As a result of Defendant's willful violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

49. As a result of the unlawful acts of Defendant, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, seeks the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice to the FLSA Collective, or that the Court issue such notice. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid overtime wages under the FLSA;

C. Liquidated damages;

D. Pre-judgment interest and post-judgment interest as provided by law;

E. Appropriate equitable and injunctive relief to remedy violations;

F. Attorneys' fees and costs of the action;

G. Issuance of a declaratory judgment that the practices complained of in this action are unlawful under FLSA;

H. Reasonable incentive awards for Plaintiff to compensate her for the time she spent attempting to recover wages for the FLSA Collective and for the risks she took in doing so; and

I. Such other relief as this Court shall deem just and proper.

Dated: Melville, New York
October 2, 2023

Respectfully submitted,

s/ *Troy L. Kessler*
Troy L. Kessler
Garrett Kaske
Jocelyn Small
**KESSLER MATURA, P.C.**
534 Broadhollow Road, Suite 275
Melville, NY 11747
Telephone: (631) 499-9100
Facsimile: (631) 499-9120

tkessler@kesslermatura.com
gkaske@kesslermatura.com
jsmall@kesslermatura.com

*Attorneys for Plaintiff and the Putative FLSA Collective*

# Exhibit A

**CONSENT TO BECOME A PARTY-PLAINTIFF**

1. I consent to be a party plaintiff in a lawsuit against my former employer, Infusion Healthcare, LLC d/b/a Americare Pharmaceutical Services ("Defendant") and/or any related entities, for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and any applicable state law.

1. During the past three years, there were occasions when Defendant did not pay me as required by the Fair Labor Standards Act.

2. I designate Kessler Matura P.C. to represent me and make decisions on my behalf concerning the litigation, including any settlement. I agree to be bound by any adjudication, whether it is favorable or unfavorable.

3. I also consent to join any separate or subsequent action to assert my claims against Defendant and/or any related entities potentially liable.

Date: 9/22/2023

Signature: *Joanne Monaco* (DocuSigned, B3C9630C5AB4404...)

Print Name: Joanne Monaco